UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Patrick Charles, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> United States of America, *et al.*, <br><br> Defendants. | No. 1:23-cv-21172-RAR |

### DEFENDANTS' STATEMENT IN RESPONSE TO
### THE COURT'S MARCH 24, 2023 ORDER TO SHOW CAUSE

Plaintiff Patrick Charles ("Plaintiff") is a citizen and national of Haiti who was ordered deported[1] on October 5, 1988, by an immigration judge in Arlington, Virginia. *See* Composite Ex. A, Orders of the Immigration Judge; Ex. B (charging document noting that Plaintiff admitted to being a citizen and national of Haiti). On October 18, 1988, the legacy Immigration and Naturalization Service executed the deportation order and deported Plaintiff to Haiti via Eastern Airlines Flight 175. *See* Ex. C, Form I-205; *see also* Ex. D, Decl. of Deportation Officer Nelson Roman (Mar. 31, 2023). Plaintiff subsequently returned to the United States and, on or about August 2, 1994, he was convicted under the alias "Terveus Hyppolite" of conspiracy to distribute cocaine base (crack) (count 1), possession with intent to distribute cocaine (count 9), and use of a firearm in relation to a drug trafficking crime (count 10). *See* Ex. D. Following the completion of his prison sentence for those convictions, Plaintiff's 1988 deportation order was reinstated on September 15, 2020, and he was taken into custody by Immigration and Customs Enforcement

---

[1] Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIA"), what were formerly known as "deportation" proceedings are now called "removal" proceedings. *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 33 n.1 (2006).

("ICE") on September 18, 2020. *Id.*; *see also* Ex. E, Form I-871. On November 24, 2020, ICE removed Plaintiff to Haiti. *See* Ex. D.

On March 24, 2023, Plaintiff filed an action with the Court seeking relief under the Declaratory Judgment Act and the All Writs Act. ECF No. 3 at 3. On that same date, the Court issued an order to show cause ordering the government to file a statement addressing subject matter jurisdiction and mootness. ECF No. 4 at 1.[2]

Neither the Declaratory Judgement Act nor the All Writs Act independently confers jurisdiction upon federal courts. *See, e.g.*, *Household Bank v. JFS Group*, 320 F.3d 1249, 1253 (11th Cir. 2003) (Declaratory Judgment Act); *Rohe v. Wells Fargo Bank, N.A.*, 988 F.3d 1256, 1263 (11th Cir. 2021) (All Writs Act). The "sole and exclusive means of judicial review of an order of removal" is a "petition for review filed with the appropriate court of appeals." 8 U.S.C. § 1252(a)(5). Therefore, to the extent that Plaintiff is challenging his 1988 final order of removal, he has sought relief from the wrong court. Furthermore, a noncitizen[3] may not obtain judicial review of a final order of removal if he failed to avail himself of all administrative remedies. 8 U.S.C. § 1252(d)(1). Here, although represented by counsel, Plaintiff never appealed his 1988 final order of removal to the Board of Immigration Appeals. Ex. F (printout from the Executive Office of Immigration Review's Automated Case Status website indicating Plaintiff did not file an appeal). Additionally:

> If . . . an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of

---

[2] If the Court reviews this statement and is inclined to find that it has subject matter jurisdiction over any of Plaintiff's claims for any reason, Defendants respectfully request that they be afforded their full opportunity to brief jurisdiction in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

[3] This brief uses the term "noncitizen" as equivalent to the statutory term "alien." *See Barton v. Barr*, 140 S. Ct. 1442, 1446 n.2 (2020) (quoting 8 U.S.C. 1101(a)(3)).

2

>removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5). Thus, to the extent that Plaintiff is challenging the 2020 reinstatement of his removal order, the plain language of 8 U.S.C. § 1231(a)(5) unambiguously bars the reopening or review of a reinstated removal order where a noncitizen like Plaintiff illegally reentered the United States following his removal. *See also Alfaro-Garcia v. United States Att'y Gen.*, 981 F.3d 978, 983 (11th Cir. 2020).

The Court also lacks jurisdiction over Plaintiff's claim that he is a United States citizen for several reasons. To begin, the United States Constitution limits the Court's jurisdiction to the adjudication of ongoing cases and controversies, U.S. Const., art. III, § 2, cl. 1, and no such case or controversy exists here. On June 29, 2016, Plaintiff filed a Form N-600, Application for Certification of Citizenship ("N-600"), with U.S. Citizenship and Immigration Services ("USCIS"). *See* Ex. G (copy of Plaintiff's Form N-600). USCIS denied Plaintiff's N-600 on March 18, 2017. *See id.* Plaintiff's citizenship claim is therefore moot. *See also Tecle v. DHS*, 2014 WL 652307, at *2 (W.D. Tex. 2014) (finding the plaintiff did not present a justiciable case or controversy to invoke the court's jurisdiction under 28 U.S.C. § 1361 where USCIS had already adjudicated the Plaintiff's N-600). To the extent that the Court may liberally construe Plaintiff's complaint to be a claim arising under 8 U.S.C. § 1503(a), the Court lacks jurisdiction because the five-year statute of limitation bars any such claim and, even if it did not, Plaintiff failed to exhaust all administrative remedies. Under 8 U.S.C. § 1503(a) an individual who claims a denial of a right or privilege of citizenship on the ground that he is not a national of the United States may seek a declaration of citizenship but must do so "within five years after the final administrative denial of the right or privilege." 8 U.S.C. § 1503(a). Here, because the first final administrative denial of

Plaintiff's N-600 was on March 18, 2017, his citizenship claim is barred by the five-year statute of limitations under 8 U.S.C. § 1503(a).  Moreover, Plaintiff failed to appeal the March 18, 2017 decision denying his N-600 in accordance with 8 C.F.R. § 103.3(a)(2).  *See* Ex. H, Certification of Nonexistent Record.  Thus, even if the five-year statute of limitation did not bar his citizenship claim, the Court must dismiss it for failure to exhaust his administrative remedies concerning the denial of his N-600. *See Tecle*, 2014 WL 652307, at *3.

The Court's order to show cause also ordered Defendants to advise the Court on Plaintiff's current status, if known.  Order at 2.  ICE reinstated the 1988 removal order on September 15, 2020, and removed Plaintiff to Haiti on November 24, 2020.  *See* Ex. D.  Defendants do not have any more recent knowledge of Plaintiff's current whereabouts.  *Id.*  Plaintiff claims that he is currently in Haiti.  *See* ECF No. 3 at 2.  However, Plaintiff also provided the Court with an address in Miami, *see id.* at 16, his filings list that he has another address in Tampa, *see* ECF No. 1-1 at 14, and he seems to have presented himself to a Florida notary on March 5, 2023, *see id.* at 14.  It therefore appears possible that Plaintiff has again illegally reentered the United States and is currently in the United States.

* * *

| | |
|---|---|
| Dated: March 31, 2023 | Respectfully submitted,<br>BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br>U.S. Department of Justice, Civil Division<br><br>WILLIAM C. PEACHEY<br>Director<br><br>MICHAEL A. CELONE<br>Senior Litigation Counsel<br><br>*Michelle M. Ramus*<br>MICHELLE M. RAMUS[4]<br>Trial Attorney<br>DC Bar # 1617481<br>U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation – DCS<br>P.O. Box 868, Ben Franklin Station<br>Washington, D.C. 20044<br>Tel:   (202) 532-4525<br>Fax:   (202) 305-7000<br>Email: Michelle.M.Ramus@usdoj.gov<br><br>**MARKENZY LAPOINTE**<br>**UNITED STATES ATTORNEY**<br><br>By:   **Natalie Diaz**<br>       NATALIE DIAZ<br>       ASSISTANT U.S. ATTORNEY<br>       Florida Bar No. 85834<br>       E-mail: Natalie.Diaz@usdoj.gov<br>       United States Attorney's Office<br>       99 N.E. 4th Street, Suite 300<br>       Miami, Florida 33132<br>       Tel: (305) 961-9306<br><br>*Counsel for Defendants* |

---

[4]   Counsel is the lead attorney handling this case for Defendants, however, she is currently awaiting a special bar number from the District's attorney admissions office that would allow her to file electronically.