UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-21172-RAR

**PATRICK CHARLES**,

        Plaintiff,

v.

**UNITED STATES OF AMERICA**, *et al.*,

        Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss ("Motion"), [ECF No. 8], filed on April 14, 2023. Plaintiff's Response to the Motion was initially due on or before April 28, 2023. *See* S.D. Fla. L.R. 7.1(c)(1). Failure to respond to a motion can be cause for granting it by default. *Id.* The Court *sua sponte* extended Plaintiff's response deadline to May 5, 2023. Order Administratively Closing Case and Requiring Resp., [ECF No. 9], at 1. The Court warned Plaintiff that failure to file a response in opposition to the Motion would result in the Motion being granted by default. *Id.* Plaintiff never filed a response.[1] Accordingly, the Motion, [ECF No. 8], is **GRANTED** by default.

A court may also "dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." *Brown v. Tallahasse Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th

---

[1] The Court reiterates that while Plaintiff's Request for an Emergency Injunction and Injunctive Relief ("Petition"), [ECF No. 1], implies he has no access to the Court, he has called chambers directly to inquire about the status of his case. *See* Order Administratively Closing Case and Requiring Resp. at 1.

Cir. 1989). Dismissals for failure to prosecute are generally without prejudice unless a statute of limitations would preclude the plaintiff from refiling. *See Levy v. NCL (Bahamas), Ltd.*, 686 F. App'x 667, 670 (11th Cir. 2017) (discussing that a dismissal without prejudice operates as a dismissal with prejudice where the statute of limitations would prevent refiling). The Court warned Plaintiff that failure to file a response to the Motion would result in this action being dismissed for failure to prosecute this case and failure to follow court orders. Order Administratively Closing Case and Requiring Resp. at 1. Despite seemingly being able to contact the Court, Plaintiff did not comply with that order nor request an extension of time. And because the Court is unaware of a statute of limitations bar to Plaintiff refiling his case, the Court finds that dismissal without prejudice is independently warranted for failure to prosecute and comply with court orders.

Finally, the Court concludes it nonetheless does not have jurisdiction over this case. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985). The Court must "zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). The party seeking to invoke the court's jurisdiction "bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

Plaintiff cites the All Writs Act and the Declaratory Judgment Act as the bases for jurisdiction. Pet. at 3. Because neither of these statutes independently confer jurisdiction, the Court issued an Order to Show Cause requesting that Defendants advise the Court on whether it has jurisdiction over this matter. *See* Order to Show Cause, [ECF No. 4]; *see also* Defendants' Statement in Resp. to the Court's March 24, 2023 Order to Show Cause, [ECF No. 5]. Defendants

now move to dismiss this case for lack of jurisdiction, and because they submit evidence in support of their position the Court construes this as a factual challenge to jurisdiction.[2] When adjudicating a factual challenge to jurisdiction a court may consider evidence and "weigh the facts" to determine if it has jurisdiction over a case. *See Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335–36 (11th Cir. 2013) (quoting *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009)). Therefore, "no presumptive truthfulness attaches to plaintiff's allegations." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (citation omitted).

The Court begins with Plaintiff's Petition. Plaintiff alleges he was wrongly removed to Haiti in approximately 1988 after serving a sentence for a "State drug offense." Pet. at 4. He returned to the United States and was once again convicted—this time of an unspecified crime—and ordered to serve a life sentence. Pet. at 5. He maintains that this life sentence was commuted in 2020 but that he was then "erroneously deported" once again to Haiti the same year. *See* Pet. at 1–2, 4–5. According to the Petition, Plaintiff still resides in Haiti.[3] As a consequence of his allegedly erroneous removal, Plaintiff requests that the Court declare he is a U.S. citizen; declare that his Fourth and Fifth Amendment rights were violated because he was "detained without probable cause" and "deprived of notice and opportunity to be heard on the matters of his citizenship"; and order Defendants to issue Plaintiff a passport, immediately return him to the United States, and "correct all files, records and data bases" that reference Plaintiff. Pet. at 13–14.

But the Court must evaluate the facts relevant to its jurisdiction without affording any presumption of truth to Plaintiff's allegations and thus relies on Defendants' unrebutted submissions. *See Lawrence*, 919 F.2d at 1529. The following facts are derived from the

---

[2] Defendants also advance merit-based arguments that the Court does not reach.

[3] Notably, however, Plaintiff seemingly signed a document before a Florida notary public on March 5, 2023. Ex. E, [ECF No. 1-1], at 14.

evidentiary submissions accompanying the Motion and Defendants' response to the Order to Show Cause. Following a conviction for trafficking cocaine, Plaintiff was originally determined to be removable from the United States in 1988 and was removed to Haiti that same year. *See* Ex. A, [ECF No. 5-1]; Decl. of Deportation Officer Nelson E. Roman ("Roman Decl."), [ECF No. 5-4] ¶ 6. At some point after his initial removal, Plaintiff reentered the United States and was subsequently convicted of "conspiracy to distribute cocaine base (crack) . . ., possession with intent to distribute cocaine . . ., and use of a firearm in relation to a drug trafficking crime" under the name "Terveus Hyppolite." Roman Decl. ¶ 8. Plaintiff then unsuccessfully filed an N-600 Application for Certificate of Citizenship while incarcerated, which was denied by U.S. Citizenship and Immigration Services. Form N-600, [ECF No. 5-7]. After his sentence was complete, Plaintiff's 1988 order of removal was reinstated pursuant to section 241(a)(5) of the Immigration and Nationality Act ("INA"), and he was removed to Haiti. Roman Decl. ¶¶ 9–11. Stated differently, the Court finds that the removal referenced in the Petition was in fact done pursuant to the removal order issued in 1988, which had merely been reinstated pursuant to the INA. This finding is fatal to the Court's jurisdiction.

The "sole and exclusive means for judicial review of an order of removal" is a "petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(5); *see also Alexandre v. U.S. Att'y Gen.*, 452 F.3d 1204, 1206 (11th Cir. 2006) (stating that "a petition for review filed with the appropriate court is now . . . [the] exclusive means of review of a removal order"). Where the issue of a plaintiff's "citizenship arose in his removal proceedings, his petition for review . . . is the proper means of seeking redress." *Fagan v. United States*, No. 21-13524, 2023 WL 2663239, at *2 (11th Cir. Mar. 28, 2023) (quoting *Johnson v. Whitehead*, 647 F.3d 120, 124 (4th Cir. 2011)). And "judicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial

review of a final order under this section." 8 U.S.C. § 1252(b)(9). Pursuant to these provisions, "a noncitizen's various challenges arising from the removal proceeding must be 'consolidated in a petition for review and considered by the courts of appeals.'" *Nasrallah v. Barr*, 140 S. Ct. 1683, 1690 (2020) (quoting *INS v. St. Cyr*, 533 U.S. 289, 313 & n.37 (2001)).[4]

The instant action is clearly Plaintiff's attempt to relitigate matters adjudicated in his initial removal proceedings, and therefore the Court does not have jurisdiction to award Plaintiff relief.[5] As to Plaintiff's claim of citizenship, this issue was clearly raised in the 1988 removal proceedings, because Plaintiff was charged with being a "native of Haiti." Order to Show Cause and Notice of Hearing, [ECF No. 5-2], at 1. In fact, Plaintiff admitted he was a native of Haiti at the time. *See id.* Therefore, the proper vehicle for disputing Plaintiff's citizenship claim is a petition for review filed with the appropriate court of appeals. Plaintiff's constitutional claims are also clearly related to his claim of citizenship, as he asks the Court to declare that he "as a U.S. national citizen" was deprived of his Fourth Amendment and Fifth Amendment rights before his instant removal. *See* Pet. at 13. Because this also asks the Court to declare Plaintiff is a citizen, the Court does not have jurisdiction to consider these issues. Finally, the Court can certainly not grant any of the other

---

[4] While not briefed by Defendants, the Court also notes that 8 U.S.C. § 1252(a)(2)(C) strips courts of jurisdiction "to review any final order of removal against an alien who is removable by reason of having committed" certain offenses. These offenses include convictions for "violation[s] of . . . any law or regulation of a State . . . relating to a controlled substance." 8 U.S.C. § 1227(a)(2)(B)(i). This would appear to apply to Plaintiff's removal, since he was initially removed "[a]s a result" of his conviction for trafficking cocaine. Roman Decl. ¶¶ 5–6; *see also* Order to Show Cause and Notice of Hearing, [ECF No. 5-2] (stating Plaintiff was removable because he violated a law or regulation relating to a controlled substance and specifying "trafficking in Cocaine").

[5] In reaching this conclusion, the Court is mindful of the Eleventh Circuit's decision in *Madu v. U.S. Att'y Gen.*, 470 F.3d 1362 (11th Cir. 2006). In *Madu*, the Eleventh Circuit distinguished between cases where a plaintiff challenges "whether an extant removal order is lawful" and cases where the plaintiff disputes that "there is a removal order at all." *Id.* at 1367. The Eleventh Circuit determined that courts are not divested of jurisdiction over cases in which a plaintiff alleges there is no removal order at all. *Id.* Here, though plaintiff vaguely alleges he was not given notice and an opportunity to be heard, he has not directly challenged the existence of his removal order and has defaulted on Defendants' claim that a final order for his removal exists. The Court thus finds the instant case distinguishable from *Madu*, because there the plaintiff "argue[d] . . . he [was] not subject to an order of removal." *Id.* at 1366.

relief Plaintiff has requested—such as ordering his return to the United States—without simply invalidating the order to remove him entirely.[6]  Therefore, the Court does not have jurisdiction to consider Plaintiff's claims.  Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion, [ECF No. 8], is **GRANTED**.  The Petition, [ECF No. 1], is **DISMISSED** *without prejudice*.  This action is also **DISMISSED** *without prejudice* for failure to prosecute and comply with court orders.  Plaintiff's Request to Proceed in Forma Pauperis, [ECF No. 3], is **DENIED AS MOOT**.  The Clerk is instructed to mark this case **CLOSED** and any other pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Miami, Florida, this 9th day of May, 2023.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[6]  Though the Court need not decide the issue, Plaintiff's Fourth Amendment claim also appears barred from this Court's review by 8 U.S.C. § 1252(g), which provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."  This provision "bars federal courts' subject matter jurisdiction 'over any claim for which the "decision or action" of the Attorney General to commence proceedings, adjudicate cases, or execute removal orders is the basis of the claim.'"  *Johnson v. Acting U.S. Att'y Gen.*, 847 F. App'x 801, 802 (11th Cir. 2021) (alteration accepted) (quoting *Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013)).  In *Johnson*, the Eleventh Circuit held that this provision barred an "attempt[] to challenge [the plaintiff's] underlying immigration orders and to obtain declaratory relief from the district court that his ICE detainers, notice to appear, detention order, and removal order are unconstitutional."  *Id.*  Here, Plaintiff's claim that Defendants did not have probable cause to detain him clearly challenges a decision to execute a removal order and is therefore independently barred from review.